# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Orlando V. Williams, *pro se* | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) | 2:22-cv-00755-LSC |
| American Medical Experts, LLC, | ) ) ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM OF OPINION

On October 16, 2023, the Court issued an order, directing Plaintiff Orlando V. Williams, proceeding *pro se*, to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 45.) The Court directed Plaintiff to respond by November 6, 2023. (*Id.* at 3)

In his Complaints, Plaintiff asserted that this Court has subject matter jurisdiction based on diversity of jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 4; Doc. 24 ¶ 4; Doc. 31 ¶ 4; Doc. 46 ¶ 4.) The Court was satisfied that the Complaints established the requisite amount in controversy. However, as the Court explained in its Order, Plaintiff had not established complete diversity of the parties. (Doc. 45 at 2.) In all of Plaintiff's Complaints, Plaintiff had alleged that American Medical Experts, LLC "is a Virginia based limited liability company" with its "principal office" in Virginia. (Doc. 1 ¶ 7; Doc. 24 ¶ 7; Doc. 31 ¶ 7; Doc. 46 ¶ 7.) As an LLC "is a citizen of any state of which a member of the company is a citizen," to

1

sufficiently allege the citizenship of a limited liability company, "a party must list the citizenships of all the members of the limited liability company." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

In response to the Court's Order, Plaintiff filed a Motion to Transfer Venue. (Doc. 48.) In the memorandum accompanying this Motion, Plaintiff claimed both that "AME is a Virginia Corporation doing business in Loudon County Virginia" (Doc. 49 ¶ 1), where its "principal office" is (*Id.* at 12), and that AME is a "limited liability company" (*Id* ¶ 1 n.1). Under Virginia law, business entities must conform to certain naming requirements. "A corporate name shall not include . . . any word, abbreviation, or combination of characters that states or implies the corporation is a limited liability company." VA. CODE ANN. § 13.1-829 (2021). And "[a] limited a limited liability company name shall contain the words 'limited company' or 'limited liability company' or their abbreviations 'L.C.,' 'LC,' 'L.L.C.,' or 'LLC.'" VA. CODE ANN. § 13.1-1012 (2021). Accordingly, American Medical Experts, LLC is an LLC, and its citizenship must be evaluated as such.

Plaintiff has not identified the members of American Medical Experts, LLC, nor has Plaintiff listed their citizenships. Therefore, Plaintiff has not established subject matter jurisdiction. Further, while the Court pointed out that Defendant American Medical Experts, LLC was "free to demonstrate its own citizenship through an appropriate filing . . . to avoid this case being dismissed at this time, as

the Court is in the process of evaluating Defendant's Motion for Summary Judgment," Defendant chose not to do so. (Doc. 45 at 3.) As neither party has established subject matter jurisdiction, the Court must dismiss. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") The Court will enter an Order consistent with this Memorandum of Opinion.

    **DONE** and **ORDERED** on November 9, 2023.

                                          L. Scott Coogler
                                 United States District Judge

215755